L. Scott Oliver (SBN 174824)
Clayton R. LaPoint (SBN 304522)
K&L Gates LLP
630 Hansen Way
Palo Alto, CA  94304
Phone:  (650) 798-6700
Fax:      (650) 798-6701

Attorneys for Plaintiff
High Technology Crime Investigation Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGH TECHNOLOGY CRIME INVESTIGATION ASSOCIATION,<br><br>           Plaintiff,<br><br>     v.<br><br>TIMOTHY FINO, and DOES 1 through 10, inclusive,,<br><br>           Defendants. | Case No.<br><br>**HIGH TECHNOLOGY CRIME INVESTIGATION ASSOCIATION'S COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT AND TRADE SECRET** |

Plaintiff High Technology Crime Investigation Association ("HTCIA") files this Complaint for Copyright Infringement against Timothy Fino (the "Defendant").  HTCIA alleges:

## PARTIES

1. Plaintiff HTCIA is a 501(c)(3) not-for-profit corporation incorporated under the laws of California with its principal mailing address located at 3288 Goldstone Drive, Roseville, CA 95747.

2. On information and belief, Defendant Timothy Fino is an individual with a home address of 34730 Oakland Street, Farmington (Oakland County), Michigan 48335.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has subject matter jurisdiction over HTCIA's federal claim of copyright infringement under 17 U.S.C. § *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).  This Court has supplemental subject matter jurisdiction over HTCIA's related state claims under 28 U.S.C. § 1367 (supplemental jurisdiction), as the state claims herein arise from the same case or controversy which give rise to HTCIA's claim of copyright infringement.

5. This Court has personal jurisdiction over the Defendant because Defendant has minimum contacts within the State of California and in the Northern District of California.  Plaintiff is incorporated under the laws of California, and its causes of action arise from Defendant's actions which violated Plaintiff's California-governed bylaws.  Venue in this District is proper under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6. HTCIA is a non-profit organization formed to provide education and collaboration to its global members for the prevention and investigation of high tech crimes, such as hacking, data breaches, counterfeiting and the like.  HTCIA members are primarily from industry, law enforcement, or computer forensics firms.  HTCIA membership totals roughly 3,000 members around the globe.  HTCIA members are prohibited under the bylaws from working with criminal defense

lawyers or clients charged with criminal activity.  HTCIA has membership local chapters in numerous states, regions, and countries.

7. To further its mission and aims, HTCIA is governed by the International Board of Directors (the "Board").  In addition, the International Executive Committee ("IEC") is charged with managing the daily responsibilities of the corporation.  The IEC is composed of five (5) elected IEC Officers: International President, two (2) International Vice Presidents, International Secretary, and International Treasurer.  All members of the HTCIA, including IEC Officers, are beholden to the HTCIA Bylaws ("Bylaws") and Code of Ethics of Professional Standards Conduct ("Code of Ethics").  A true and correct copy of the current (adopted in August, 2014) amended Bylaws (which includes the Code of Ethics) is attached hereto as Exhibit A.

8. The Code of Ethics and the Bylaws provide, among other requirements, that "Members will refrain from even the appearance of impropriety detrimental to the HTCIA, its purpose, or its members," "Members will never represent their employment, intentions, or professional affiliations," and that a member will not create or be involved in "a situation that will cause substantial and immediate harm to HTCIA."

9. In August, 2013, Defendant was elected to the IEC as International Treasurer.  As part of Defendant's duties as International Treasurer, Defendant filed conflict of interest statements with the HTCIA in both 2014 and 2015.  In these statements, Defendant failed to fully disclose his affiliation with other organizations.  The nature of both Defendant's position as HTCIA International Treasurer and as Treasurer of said undisclosed, affiliated organizations posed a potential risk to the HTCIA.  Defendant then attempted to foster business relationships between HTCIA and vendors of affiliated organizations by recommending to HTCIA the use and hiring of affiliated organizations for HTCIA audits and investment purposes.  Defendant should have: fully informed the HTCIA, disclosed the nature of his affiliation with non-HTCIA organizations, recused himself from the vender selection process, and provided proper accounting of vendor selection so that a proper review could have been conducted.

10. Defendant resigned from his position as HTCIA International Treasurer in February, 2015.

11. In the review leading up to Defendant's termination from general membership, the HTCIA performed a comprehensive audit ("Audit") on Defendant's activities as International Treasurer. The Audit was published on May 5, 2015, and revealed that, upon Defendant's resignation following improper activities, Defendant retained and/or copied confidential, copyrighted, and highly sensitive HTCIA information. The Audit revealed that the contents of the retained and/or copied documents include: financial records, meeting minutes, membership information, vendor/contractor information, board meeting minutes, personal identifiable information of contractors and employees of HTCIA, HTCIA credit card information, HTCIA bank statements, and other miscellaneous confidential and proprietary documents belonging to HTCIA. For these reasons, and because Defendant created a situation that could cause substantial and immediate harm to HTCIA, the HTCIA terminated Defendant's membership on May 26, 2015. The IEC sent a letter informing Defendant of his termination shortly after on May 28, 2015.

12. On information and belief, Defendant continues to retain and/or copy confidential and copyrighted HTCIA documents. HTCIA is unaware of the full extent of Defendant's retention of HTCIA documents and information. Defendant's possession of this information threatens actual and imminent injury to HTCIA, which can be redressed by judicial relief.

## FIRST CLAIM

### (Copyright Infringement)

13. Each allegation contained in the preceding paragraphs above is incorporated by reference as though fully set forth herein.

14. Defendant copied and retains copyrighted, original works - including HTCIA meeting minutes, membership rosters, personally identifying information, and investment objectives - and continues to retain such copyrighted works. HTCIA currently has no method of ensuring whether Defendant continues to copy, or will in the future copy or distribute such copyrighted work. These works contain copyrighted, confidential, strategic, sensitive, and valuable information which Defendant is not authorized to possess, copy, or distribute.

15. HTCIA is entitled to recovery of all copyrighted HTCIA information in Defendant's possession.

## SECOND CLAIM

### (Breach of Fiduciary Duty)

16. Each allegation contained in the preceding paragraphs above is incorporated by reference as though fully set forth herein.

17. As International Treasurer of HTCIA, Defendant owed fiduciary duties of care, loyalty and good faith to HTCIA. Defendant's fiduciary duties included obligations to exercise business judgment free from the improper influence of personal, outside associations or relationships, to act prudently in the operation of HTCIA business, and to act in the best interests of the HTCIA and its members.

18. Defendant has breached his fiduciary duty of care by, among other thing, copying and retaining confidential, highly sensitive HTCIA documents and information, including personal information connected to HTCIA members, employees, and vendors.

19. Defendant has breached his duty of loyalty and good faith by, among other things, failing to disclose to HTCIA any and all personal relationships and affiliations with outside organizations which were in potential conflict with the HTCIA, and failing to recuse himself from the vendor selection process due to his affiliation with vendor candidates.

20. HTCIA has been damaged by Defendant's breach of his fiduciary duties. HTCIA is entitled to any and all damages resulting from Defendant's breach of fiduciary duty.

## THIRD CLAIM

### (Breach of Contract - Confidentiality)

21. Each allegation contained in the preceding paragraphs above is incorporated by reference as though fully set forth herein.

22. The HTCIA Code of Ethics requires all HTCIA members to "respect the confidential nature of any information, procedures, or techniques" that they become aware of due to involvement with the HTCIA. Defendant, as International Treasurer and a member of the HTCIA, was under this obligation.

23. Defendant breached this contractual obligation to the HTCIA by retaining and creating at least one copy of confidential, private, and highly sensitive HTCIA information.

24. Defendant's retention and duplication of such information has created substantial and immediate harm to HTCIA. HTCIA is entitled to recovery of all confidential information and HTCIA records or other documents in Defendant's possession.

## FOURTH CLAIM

### (Trade Secret)

25. Each allegation contained in the preceding paragraphs above is incorporated by reference as though fully set forth herein.

26. As a worldwide organization, HTCIA is replete with proprietary business information from which it derives substantial economic benefit. This proprietary business information includes, but is not limited to, financial documents portraying HTCIA investment strategies. HTCIA does not make such documents or information generally known, and takes reasonable steps to protect its trade secrets.

27. Defendant unlawfully confiscated HTCIA's trade secrets when he, upon resignation, knowingly and purposefully retained and/or copied and stored HTCIA's proprietary information.

28. Defendant's continued possession of HTCIA trade secrets, including documents reflecting HTCIA investment strategies, has created immediate harm to HTCIA. HTCIA is entitled to recovery of all proprietary information in Defendant's control or possession.

## PRAYERS FOR RELIEF

WHEREFORE, HTCIA respectfully requests that the Court:

A. For a permanent injunction enjoining Defendant, his agents, servants, employees, and attorneys, and any and all persons acting or attempting to act in concert or participation with him from directly or indirectly retaining and making further copies of all HTCIA documents within Defendant's possession, and to deliver to the Court or HTCIA for destruction or other reasonable disposition all materials and means, including electronic storage, for producing the same in Defendant's possession or control;

B. For a permanent injunction enjoining Defendant, his agents, servants, employees, and attorneys, and any and all persons acting or attempting to act in concert or

|   |   |   |
|---|---|---|
| | | participation with him from aiding or abetting any other person or business in engaging or performing any of the activities sought to enjoined under (A) above; |
| C. | | For any and all damages sustained by HTCIA as a result of Defendant's unauthorized possession and copying of HTCIA documents and information; and |
| D. | | For such other relief as the Court deems proper. |

Dated: December 9, 2015      Respectfully submitted

/s/ L. Scott Oliver
L. Scott Oliver
California State Bar No. 174824
scott.oliver@klgates.com
Clay R. LaPoint
California State Bar No. 304522
clay.lapoint@klgates.com
**K&L Gates LLP**
630 Hansen Way
Palo Alto, CA 94303
P: +1 (650) 798-6762
F: +1 (650) 798-6701

**ATTORNEYS FOR PLAINTIFF
HIGH TECHNOLOGY CRIME
INVESTIGATION ASSOCIATION**